## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,
425 Third Street SW, Suite 800
Washington, DC 20024,

        Plaintiff

    v.

UNITED STATES AFRICAN
DEVELOPMENT FOUNDATION,
1400 I Street NW
Washington, DC 20005,

        Defendant.

Civil Action No.

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. African Development Foundation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.    Plaintiff Judicial Watch, Inc. is a not-for-profit educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.     The United States African Development Foundation, commonly referred to as the USADF, is an independent U.S. government agency established by Congress under the African Development Foundation Act. (Pub. L. 96–533, title V, Dec. 16, 1980, 94 Stat. 3151, codified at 22 U.S.C. §§ 290h–290h-9.) It is headquartered at 1400 I Street NW, Washington, DC 20005. USADF has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     On July 7, 2025, Plaintiff submitted a FOIA request to Defendant, seeking access to the following public records:

1. Contracts and Grants Involving Ganiam Ltd. and Related Entities
   a. All contracts, agreements, amendments, modifications, statements of work, and related correspondence involving Ganiam Ltd. (Nairobi, Kenya) and Ganiam LLC (Fairfax, Virginia), including but not limited to Contract 20341921P00002.
   b. All grant agreements, memoranda of understanding, and invoices, financial disbursements to Ganiam Ltd. (Nairobi, Kenya) or Ganiam LLC (Fairfax, Virginia).
   c. All records of competitive bidding processes (or lack thereof) for contracts or grants awarded to Ganiam Ltd. (Nairobi, Kenya) or Ganiam LLC (Fairfax, Virginia), including sole-source justifications. Please include internal and external communications sent or received by USADF Chief Financial Officer Mathieu Zahui about bidding and awarding of said contract or grant.
   d. All communications between USADF Chief Financial Officer Mathieu Zahui and Maina Gakure (Owner of Ganiam Ltd./LLC) or company representatives, including emails, text messages, and other correspondence, whether conducted on government or personal email accounts/devices about the contract / grant or payments regarding the stated contract / grant.
   e. All financial records, including bank statements, wire transfer records, electronic funds transfers, checks,

invoices, payment logs, payment tracking, showing transactions between USADF and Ganiam Ltd. (Nairobi, Kenya)/LLC (Fairfax, Virginia) or payments from Maina Gakure (Owner of Ganiam Ltd./LLC) to USADF Chief Financial Officer Mathieu Zahui's personal bank accounts.

2. Use of Personal Email Accounts and Government Property
   a. All communications sent or received by USADF President Travis Adkins and Chief Financial Officer Mathieu Zahui using personal email accounts (e.g., Gmail, Yahoo) or personal devices for official USADF business, including but not limited to communications involving any government contracts, grants, or financial transactions.
   b. All records of USADF policies, training materials, or guidelines regarding the use of personal email accounts or devices for official business, including compliance with the Federal Records Act (44 U.S.C. §§ 3101–3107) and 36 C.F.R. Part 1222.
   c. All logs, metadata, or forensic data from USADF-issued computers, phones, or other devices used by USADF President Travis Adkins or USADF Chief Financial Officer Mathieu Zahui that indicate access to personal email accounts (e.g., Yahoo / Gmail) or non-government communication platforms (e.g., WhatsApp, Signal) for conduct of official government business.
   d. All communications between USADF President Travis Adkins, USADF Chief Financial Officer Mathieu Zahui, or other USADF employees and the USAID Inspector General regarding the seizure of USADF Chief Financial Officer Mathieu Zahui's work phone.

3. Financial Irregularities and Offshore Accounts
   a. All records related to deposits into a bank account in Ghana in February 2023, as referenced in Sen. James Risch's (R-Idaho, Ranking Member, Senate Foreign Relations Committee) November 2023 letter to the USAID Inspector General, including account statements, transfer authorizations, and communications involving USADF Chief Financial Officer Mathieu Zahui or other USADF officials.
   b. All records of USADF bank accounts "held outside treasury" in African countries (e.g., Kenya, Botswana, Swaziland, Guinea, Mauritius), including account creation documents, balance statements, and records of transfers or closures.

    c.  All financial statements, audits, or reports explaining discrepancies in USADF's FY2024 budget request.

    d.  All communications between USADF senior officials, including USADF President Travis Adkins, USADF Chief Financial Officer Mathieu Zahui, and the Department of Treasury or USAID Inspector General regarding attempts to transfer funds from African accounts to the U.S. Treasury.

    e.  All records related to the fiscal year 2024 audit of USADF's financial statements, including the Management Letter dated December 11, 2024, signed by USADF Chief Financial Officer Mathieu Zahui, addressing the significant deficiency in internal control over financial reporting (failure to accrue $79,605 in lease expenses for the Washington DC headquarters). This includes:

        i.  The full audit report, working papers, and communications between USADF and the independent auditor.

        ii.  All records related to the corrective action plan outlined in the Management Letter, including policy reinforcement documents, training materials, internal control assessments, and quarterly updates on implementation progress.

        iii.  All financial records, trial balances, and lease agreements related to the $79,605 discrepancy, including communications about the failure to record accruals.

        iv.  All prior audit reports or management letters (2016–2023) identifying similar deficiencies in accrual accounting or internal controls.

4.  Conflicts of Interest and Ethics Violations

    a.  All conflict-of-interest disclosures, ethics pledges, or Office of Government Ethics (OGE) Form 450 filings for USADF Chief Executive Officer C.D. Glin (2016–2021), USADF President Travis Adkins, and USADF Board Member John Agwunobi, including any omissions or failures to file, as required by 5 C.F.R. Part 2634.

    b.  All records of payments or grants from USADF to Root Capital (Cambridge, MA, 02139), (email domain @rootcapital.org) where USADF Chief Executive Officer C.D. Glin (2016–2021) was a board member, including contracts, grant agreements, and communications.

    c.  All records about the 2020 partnership between USADF and Herbalife Nutrition Ltd. (Los Angeles, CA, 90015), (email domain @herbalife.com) including contracts, grant

agreements, marketing materials, and communications involving USADF Board Member John Agwunobi or USADF personnel, as well as records identifying whether the partnership was with Herbalife Nutrition Ltd. (Los Angeles, CA, 90015) or its nonprofit affiliate.

d. All communications between USADF senior executives (including grant / contract office employees) and the Association of Ghana Industries (Accra, Ghana) (email domain agighana.org), Pyxera Global (Washington, DC, 20005) (email domain pyxeraglobal.org), Artisan Alliance (Washington, DC, 20036) (email domain allianceartisan.org), Heva Fund (Nairobi, Kenya) (email domain hevafund.com), Ustadi (Nairobi, Kenya) (email domain ustadi.org), or CS Consulting (email domain csconsulting.co.ke and cs-consultants.co.za) regarding grants or contracts.

5. Misuse of Funds for Personal Benefit
   a. All travel records, expense reports, and receipts for USADF Chief Executive Officer C.D. Glin (2016–2021) and USADF President Travis Adkins, including trips to Scandinavian or European countries, African countries without USADF programs, or conferences where USADF paid for speaking slots.
   b. All records of payments for personal expenses, such as hotels, custom suits, or memberships to theboardlist.com and Harvard executive classes for USADF Chief Executive Officer C.D. Glin (2016–2021) or USADF President Travis Adkins.
   c. All records of USADF payments to the National Basketball Players Association (New York, NY, 10018) or related entities for partnerships, including details on funds used to build a basketball court in Africa.
   d. All records related to grants to Vava Coffee (Murishu Road, Nairobi, Kenya).

6. Employment Practices and Workplace Misconduct
   a. All contracts, payment records, and communications related to USADF's use of "micropurchases" or pass-through LLCs (e.g., Dobbs, BKW Transformation Group, Lalaith to pay contractors, including records of payments routed through African entities (e.g., Africa 24 (Nairobi, Kenya), or Mauritania-based entities.
   b. All personnel records, complaints, or internal investigations related to allegations of a toxic workplace, including but not limited to yelling, intimidation, or mental health

impacts on employees, as described publicly by USADF Chief of Staff Brandi James, USADF Senior Program Manager Jeff Gilleo, USADF Associate General Counsel Nina-Belle Mbayu, and USADF Senior Program Analyst Yael Nagar.

    c. All records of anti-white discrimination or racial hiring preferences, including communications from USADF President Travis Adkins or USADF Chief Executive Officer C.D. Glin (2016–2021) expressing intent to hire only Black employees or exclude white employees/veterans.

    d. All records related to the 2021 settlement of an anti-white discrimination claim involving a white female senior executive (name unavailable), including settlement agreements and communications. USADP laid off the employee without paying required severance and without following merit-based bump-down procedures.

7. Whistleblower Retaliation and Investigations

    a. All records related to USADF General Counsel Mateo Dunne's internal investigation (2021) into conflicts of interest, purchase card abuse, contracting fraud, and workplace misconduct, including his preliminary report, communications with USADF Acting CEO Elisabeth Feleke, and the 75-page dossier compiled by USADF Chief of Staff Brandi James.

    b. All communications between USADF and the Office of Special Counsel, Equal Employment Opportunity Commission, or USAID Inspector General regarding USADF General Counsel Mateo Dunne's allegations of whistleblower retaliation and anti-white discrimination.

    c. All records related a comment on the Glassdoor website attributed to "General Counsel" advising management to "die," including investigations by USADF or law enforcement agencies into the incident.

8. DOGE Takeover and Access Denial

    a. All communications between USADF officials (including USADF Chief Financial Officer Mathieu Zahui, USADF President Travis Adkins, or USADF Chief of Staff Brandi James) and the Department of Government Efficiency (DOGE), the White House, or DOGE Appointee Pete Marocco regarding DOGE's demands for access to financial records, payment systems, and human resources systems in February–March 2025.

    b.  All records of physical access denials, including locking doors to prevent DOGE auditors from entering USADF offices, and subsequent U.S. Marshals' intervention.

    c.  All records of USADF Chief Financial Officer Mathieu Zahui's access to USADF offices via a "back door" after DOGE changed the locks.

The time frame of the request was "January 1, 2016, to the present unless otherwise specified."

6.      Plaintiff submitted the request through FOIA.gov, which acknowledged submission through an automated message and issued confirmation identification number 2261756.

7.      As of the date of this Complaint, Defendant has failed to respond to Plaintiff's request, let alone determine whether to comply with the request, notify Plaintiff of any such determination or the reasons for such determination, advise Plaintiff of the right to appeal any adverse determination, or produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Defendant is in violation of FOIA.

10.      Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

11.      To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by August 4, 2025, at the latest. Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 11, 2025                          Respectfully submitted,

                                                */s/ Sean W. O'Donnell*
                                                Sean O'Donnell
                                                Texas Bar No. 24038639
                                                JUDICIAL WATCH, INC.
                                                425 Third Street SW, Suite 800
                                                Washington, DC 20024
                                                Tel: (202) 646-5180
                                                Email: SODonnell@JudicialWatch.org

                                                *Counsel for Plaintiff*